IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        CASE NO. 1:10-CR-10004-004

WILLIAM MITCHELL                                                                             DEFENDANT

**<u>ORDER</u>**

Before the Court is Defendant's Motion for Re-sentencing Pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 109). The Government has filed a response. (ECF No. 111). The Court finds this matter ripe for consideration.

On March 31, 2010, Mitchell was named in two counts of an eighteen-count indictment returned by the Grand Jury for the Western District of Arkansas. (ECF No. 1). Count 1 of the Indictment charged Mitchell with conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii) and 21 U.S.C. § 846. Count 4 of the Indictment charged Mitchell with distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). On April 27, 2010, Mitchell appeared before the Court for an arraignment and entered a not-guilty plea as to Counts 1 and 4.

On August 3, 2010, the Fair Sentencing Act ("FSA") went into effect increasing the drug amounts necessary to trigger a mandatory minimum sentence for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum sentence and from 50 grams to 280 grams in respect to the 10-year minimum sentence. *See* 21 U.S.C. § 841.

On November 2, 2010, Mitchell appeared with counsel for a change of plea hearing before the Honorable Harry F. Barnes. (ECF No. 68). A written plea agreement was presented wherein Mitchell would plead guilty to Count 1 of the Indictment. (ECF No. 69). In this agreement, Mitchell

pled guilty to conspiracy to distribute 50 grams or more of crack cocaine, stipulating he should be held accountable for at least 50 grams but less than 150 grams. (ECF No. 69).

On July 8, 2011, the Court sentenced Mitchell on Count 1 to 120 months in prison, 5 years supervised release, and $100 special assessment. (ECF No. 88). The 120 month sentence was based upon the mandatory minimum sentence contained in 12 U.S.C. § 841(b)(1)(A) as it was written before the FSA went into effect. On June 8, 2012, Mitchell filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 100). Citing *Dorsey v. United States*, 132 S. Ct. 2321, 2331, 183 L. Ed. 2d 250 (2012), the Court held that Mitchell should be-re-sentenced pursuant to the mandatory minimum standards in the FSA because he was sentenced after the FSA was enacted for unlawful conduct that occurred before the FSA was enacted. (ECF Nos. 118 & 124). Mitchell was re-sentenced to 84 months with credit for time already served in federal custody. (ECF No. 131).

The present motion for resentencing pursuant to § 3582(c)(2) was actually filed prior to the § 2255 motion discussed above. Mitchell's § 3582(c)(2) motion states that he is entitled to a reduced sentence due to the FSA's "effect on the calculas to the Base Offense Level contained in 2D1.1(c)...." Mitchell is referring to Amendment 750 to the United States Sentencing Guidelines which was adopted in response to the passage of the FSA and which reduced the base offense levels for offenses involving cocaine base. However, Amendment 750 cannot apply in Mitchell's case. The application of Amendment 750 is limited to cases where the sentencing guidelines were based on the quantity of cocaine base. In other words, Amendment 750 does not apply in cases where a defendant's sentence is based on a mandatory minimum sentence. *United States v. Lewis*, 476 F. App'x 100, 101 (8th Cir. 2012) ("[Defendant's] Guidelines range reflected the statutory minimum sentence, which was not lowered by Amendment 750."); U.S.S.G. § 5G1.1(b) ( "where a statutorily

required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

In this case, Mitchell's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A). He was not sentenced under the United States Sentencing Guidelines and therefore may not rely on Amendment 750 which lowered crack cocaine offense levels in § 2D1.1. Accordingly, Mitchell's Motion for Re-sentencing Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 109) should be and hereby is **DENIED**.

Mitchell's Motion to Stay Ruling on Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) Until Ruling on Defendant's 28 U.S.C. 2255 Motion (ECF No. 117) should be and hereby is **DENIED AS MOOT**.

IT IS SO ORDERED, this day 28th day of January, 2014.

/s/ Harry F. Barnes
Harry F. Barnes
Senior United States District Judge