IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              CASE NO. 1:10-CR-10004-004

WILLIAM MITCHELL                                                             DEFENDANT

# ORDER

Before the Court is Defendant's Notice of Appeal and Motion for Certificate of Appealability. (ECF No. 132). On June 8, 2012, Mitchell filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 100). Mitchell argued that he was entitled to re-sentencing pursuant to the Fair Sentencing Act. He also argued that he was entitled to a new trial due to ineffective assistance of counsel. The Court denied Mitchell's motion as to his ineffective assistance of counsel claim and granted the motion as to Mitchell's request for re-sentencing. Citing *Dorsey v. United States*, 132 S. Ct. 2321, 2331, 183 L. Ed. 2d 250 (2012), the Court held that Mitchell should be-re-sentenced pursuant to the mandatory minimum standards in the FSA because he was sentenced after the FSA was enacted for unlawful conduct that occurred before the FSA was enacted. (ECF Nos. 118 & 124). Mitchell was re-sentenced to 84 months with credit for time already served in federal custody. (ECF No. 131).

Six days after his re-sentencing, Mitchell filed a notice of appeal which was docketed as a Motion for Certificate of Appealability. (ECF No. 132). After reviewing the notice of appeal, it appears to be a direct appeal of Mitchell's re-sentencing that is unrelated to the Court's partial denial of Mitchell's § 2255 motion.[1] Mitchell has the right to directly appeal his new sentence, and no

---

[1] Even if the notice of appeal can be construed as a Motion for Certificate of Appealability related to the partial denial of Mitchell's § 2255 motion, Mitchell has offered no argument demonstrating that reasonable jurists would disagree with the Court's assessment of the

certificate of appealability is needed in order to accomplish the appeal.  Accordingly, the Clerk is directed to terminate the Motion for Certificate of Appealability.

        IT IS SO ORDERED, this day 29th day of January, 2014.

                                          /s/ Harry F. Barnes  
                                          Harry F. Barnes  
                                          Senior United States District Judge

---

ineffective assistance of counsel claim.  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 464 U.S. 880, 893 (1983) (explaining what a *habeas* petitioner must show in order for a certificate of appealability to issue)).  Accordingly, the motion would be denied.